UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

SHEILA ELAINE NOVIN,

        Petitioner,

        v.                                                                  Case No. 03-C-1388

UNITED STATES OF AMERICA,

        Respondent.

DECISION AND ORDER DENYING AND DISMISSING 28 U.S.C. § 2255 MOTION

Before the court is Sheila Novin's motion pursuant to 28 U.S.C. § 2255, asserting that her conviction and sentence in this court were imposed in violation of the Constitution. Novin pled guilty and was convicted of health care fraud and illegal remuneration. The court sentenced her to 33 months of imprisonment and $351,600 in restitution. Novin did not appeal.

In her original § 2255 motion, Novin asserted ineffective assistance of counsel based on three alleged deficiencies: (1) counsel's failure to "explore" as a condition of the plea agreement the amount of restitution or loss, despite Novin's questioning of the amount; (2) counsel's failure to forward to the United States information Novin had regarding a gun case, which she believes would have been substantial assistance sufficient for a downward departure, because the person she accused was counsel's former client; and (3) counsel's lack of devotion and his unresponsiveness to Novin's requests regarding "possible Rule 35(b)(c) developments." (§ 2255 Motion at 5.) Novin also asserted a claim of "unlawful

restitution imposed," asserting that hers was a victimless crime, as the United States incurred no loss. (*Id.* at 6.)

In an order screening Novin's motion, this court dismissed the ineffective assistance of counsel claim on the Fed. R. Crim. P. 35 developments and the restitution claim, but found that the two remaining ineffective assistance of counsel claims required an answer. The assertion that counsel did not fully "explore" the amount of restitution during plea negotiations, liberally construed, could have related to counsel's performance in advising Novin to plead guilty and to counsel's performance at sentencing. The assertion that counsel failed to pass on information to the government to obtain a downward departure could have related to counsel's performance at and before sentencing, as the plea agreement noted the possibility of substantial assistance and a possible government motion for downward departure.

Thereafter, Novin amended her petition to include a sixth amendment claim based on the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). The United States answered the motion as amended, and Novin filed a reply brief. Following the answer, Novin moved to amend her motion again to include another claim based on the sixth amendment, but this time under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Again, the court permitted the amendment, and Novin filed a brief in support of this claim. The United States then responded to Novin's final claim.

Thus, although the motion was amended twice and several pleadings or briefs were filed by both sides, the claims before the court are: (1) alleged ineffective assistance of counsel based on counsel's failure to explore the amount of restitution or loss prior to Novin's plea; (2) alleged ineffective assistance of counsel based on counsel's failure to

forward to the United States information possibly constituting substantial assistance sufficient for a downward departure, because the person Novin accused was counsel's former client; (3) denial of sixth amendment rights under *Blakely*; and (4) denial of sixth amendment rights under *Apprendi*. The court will address these claims in the same order.

1. Ineffective Assistance of Counsel Regarding Amount of Loss or Restitution

Novin's assertion in her original motion was that

> [c]ounsel failed to explore fully, conditions of plea with prosecution in regards to Restitution amount, if any, despite the amount of $351,600 was questioned by the movant when it first appeared on PSR. Movant was told it was only for Sentencing Guideline purposes and not to worry.

(§ 2255 Mot. ¶ 12.A.) In its order screening the motion, this court said that this claim, liberally construed, suggested that counsel's performance was ineffective either in advising Novin to plead guilty or at sentencing. (Order of 4/22/04 at 3.) Despite Novin's use of the word "restitution" the court interprets her pleading liberally to assume she also means the amount of loss, which determined her offense level at sentencing.[1]

Notwithstanding that Novin failed to file a direct appeal, she is not procedurally barred from asserting ineffective assistance of counsel in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504, 509 (2003). To establish ineffective assistance of counsel, Novin must show that counsel's representation was deficient and that she was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

---

[1] As noted in the court's screening order, Novin cannot attack the restitution order itself. An order of restitution imposed as part of a criminal sentence cannot be attacked in a § 2255 motion, as it does not affect the movant's right to release. *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997). Section 2255 is not a substitute for a direct appeal. *Id.* To the extent that Novin may be arguing that she was improperly counseled about the amount of loss and restitution prior to her plea, the court will discuss the two amounts, together or interchangeably, as they were identical..

3

For the performance prong of the *Strickland* test, Novin must establish that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. That is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. *Strickland* permits a wide latitude of permissible attorney conduct. *See id.* at 689. Hence, judicial scrutiny is highly deferential and the court strongly presumes that counsel's conduct was reasonable. *Id.* Therefore, Novin "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks deleted); *see also Washington v. Smith*, 219 F.3d 620, 627 (7th Cir. 2000).

Once the movant establishes counsel's deficiency, she must still demonstrate prejudice. She "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Id.* at 697. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice that course should be followed. *Id.* Prejudice in the context of a guilty plea requires a showing that but for counsel's allegedly deficient performance, the defendant would not have pled guilty. *Galbraith v. United States*, 313 F.3d 1001, 1008 (7th Cir. 2002).

Regarding counsel's performance in advising on the plea agreement and at sentencing without first exploring more fully the amount of loss or restitution, which affected the offense level at sentencing, Novin has failed to establish deficient performance. Novin's counsel did admit at Novin's sentencing that he thought he may have made a mistake in allowing Novin to agree to the $351,600 amount of loss or restitution in the plea agreement

4

and agreeing not to challenge that amount at sentencing. *United States v. Novin*, No. 02-CR-193, Sent'g Tr. at 10, 15-17 (E.D. Wis. filed Nov. 5, 2004). He moved for a postponement of sentencing so that he could investigate the matter further, among other reasons. *United States v. Novin*, No. 02-CR-193, Def.'s Request for Resch'g of Sent'g Hr'g (E.D. Wis. filed May 8, 2003). However, notwithstanding those statements by defense counsel, the record shows that the prosecutor in this case believed that Novin could have been liable for over $1,400,000 in loss. *United States v. Novin*, No. 02-CR193, Sent'g Tr. at 4-5 (E.D. Wis. filed Nov. 5, 2004). He indicated that

> the parties agreed that in lieu of some other number and perhaps even the full payments to Miss Novin we would use the gain she derived from her activities. And that's the number that's between 200 and $400,000 that the parties have agreed to.
>
> . . . .
>
> So there was at least the possibility that the full amount of payments to Ms. Novin for services that she maybe validly provided while excluded could have been used. So I think the parties reached what's a reasonable resolution of that potential argument that she would get no credit for the value of the services rendered and suddenly the loss might be 1.4 million dollars. And so the parties negotiated and reached what I think was a fair and reasonable disposition and that's what's in the plea agreement.

*Id.* at 4-5.

Defense counsel at sentencing suggested that the part of the plea agreement precluding him from raising the amount of loss at sentencing was added without discussion. *Id.* at 10. But as for the amount of loss or restitution itself he indicated that "[t]he government's position on the loss was something that we clearly had tried to negotiate." *Id.* at 12. He stated that he had "explained to [Novin] that the government's position was that she

5

could be much higher on the loss calculation and that this was the basis or that we were in the government's view getting a concession as to what the loss amount was." *Id.* at 17.

It is clear from the record that the prosecutor thought the amount of loss could exceed $1,400,000, and in light of that position, agreeing to $351,600 in loss can be considered sound strategy, objectively reasonable, and within the wide latitude of permissible attorney conduct, notwithstanding that with further investigation defense counsel could have argued with the prosecutor for an even lower number.

At sentencing, counsel felt prohibited by the plea agreement from arguing another loss amount. *See United States v. Novin*, No. 02-CR193, Plea Agreement ¶¶ 20, 24 (E.D. Wis. filed Dec. 9, 2002). Following the discussion between the court and defense counsel about whether counsel was attempting to challenge the loss amount, the court took a break and allowed counsel to talk with Novin. *United States v. Novin*, No. 02-CR193, Sent'g Tr. at 19 (E.D. Wis. filed Nov. 5, 2004). The court then questioned both counsel and Novin about their positions on the amount of loss, and they confirmed that they would not make further arguments. *Id.* at 19-21. Counsel stated that it was their "position that we feel that we are constrained by the plea agreement and we affirm all the agreements and concessions that we made in that agreement." *Id.* at 20. Novin had the following exchange with the court:

> THE COURT: Miss Novin, are you satisfied with the arguments that have been advanced by your attorney and the decisions that have been made concerning the presentence report?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Do you understand that if you believe that there is a basis for attacking the presentence report and if you fail to present those at this time particularly after due

6

>                         consideration by you and your counsel for
>                         strategic and other reasons you may be
>                         waiving that right for future appeal?
>
>     THE DEFENDANT: Yes, Your Honor.

*Id.* at 21. Counsel was concerned with possibly breaching the plea agreement by arguing the amount of loss. *Id.* at 20-21. Thus, it appears that the matter of amount of loss was not raised based on a tactical or strategic reason to not violate the plea agreement, which could be considered sound strategy, objectively reasonable, and within the wide latitude of permissible attorney conduct.

In addition, even assuming that counsel's performance could be considered deficient, Novin fails to establish any prejudice arising from the deficiency. She presents nothing indicating that she would not have pled guilty if her attorney had investigated the amount of loss further. Instead, the record establishes that she would have pled guilty in any scenario. In the plea agreement, Novin agreed that she would plead guilty because she was "in fact, guilty." *United States v. Novin*, No. 02-CR-193, Plea Agreement ¶ 45 (E.D. Wis. filed Dec. 9, 2002). At the plea hearing the court explored the voluntariness of Novin's plea and whether she was entering her guilty plea intelligently. Novin told the court then that she was "not uncertain" about entering her plea, *United States v. Novin*, No. 02-CR-193, Plea Tr. at 9 (filed Aug. 18, 2004), that she and her attorney had enough time to consider the matters in the case, *id.* at 10, that she knew she was facing up to ten years of imprisonment, *id.* at 15, and that she had talked with her attorney about the sentencing guidelines, *id.* at 17. Importantly, she then told the court that she was pleading guilty because she was, in fact, guilty. *Id.* at 44. According to Novin, "Yeah, I did do those things, unfortunately." *Id.* In her briefs in this case Novin essentially confirms that she would have pled guilty, as she states:

7

> 1. She is guilty of Health Care Fraud in violation of 18 U.S.C. §§ 2 and 1347 and guilty of illegal remuneration in violation of 42 U.S.C. § 1320a-7b(b)(2)(B)[.]
> 2. However, movant strongly disagree[s] with the imposition of the (33) month prison sentence.

(Reply to Gov't's Response to Pet.'r's § 2255 Mot. at 2.) Her real disagreement is with her sentence, not the plea of guilty. In sum, Novin has failed to, and cannot on this record, establish that she would not have pled guilty but for her counsel's bad advice or failure to investigate.

Novin does not even attempt to establish prejudice resulting from counsel's failure to argue amount of loss at sentencing. Such an argument may have been considered a breach of the plea agreement. *See United States v. Novin*, No. 02-CR-193, Plea Agreement ¶¶ 20, 24 (E.D. Wis. filed Dec. 2, 2002). Such breach could have meant a trial and possibly a higher sentence, as Novin would not have received deductions from her offense level under the USSG for acceptance of responsibility. And even if the argument had been considered on the merits, Novin fails to show that any further investigation of the amount of loss issue would have resulted in a figure lower than $351,600, such that her offense level and sentencing range would have been lowered. Thus, Novin fails both prongs of the *Strickland* test, thereby warranting denial of her ineffective assistance claim.

2. Ineffective Assistance of Counsel Regarding Substantial Assistance

In her second claim for relief, Novin charges counsel with failing to pass on information that could have provided the government with substantial assistance which could support a motion for a downward departure. (§ 2255 Mot. ¶ 12.B.) According to Novin, the information concerned a "gun case" that counsel said would not help her; however, counsel

8

failed to tell her that the alleged violator was a former client of his, suggesting that counsel failed to pass the information along to the government due to a conflict of interest. (*Id.*)

Once again, Novin fails the prejudice prong of the *Strickland* test, as she has failed to, and cannot, show that she would have received any different sentence. Although in the plea agreement the government agreed to advise the sentencing judge of any cooperation by Novin, *United States v. Novin*, No. 02-CR-193, Plea Agreement ¶ 33 (E.D. Wis. filed Dec. 9, 2002), any motion for downward departure may be brought only by the government, USSG § 5K1.1 ("Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."). Section 5K1.1 gives the government "a power, not a duty, to file a motion when the defendant has substantially assisted." *Wade v. United States*, 504 U.S. 181, 185 (1992). Novin's plea agreement recognized this one-sided power: "The parties acknowledge, understand, and agree that if the defendant provides substantial assistance to the government in the investigation or prosecution of others, only the government, in its discretion, may move for and recommend a downward departure from the applicable sentencing guidelines range." *United States v. Novin*, No. 02-CR-193, Plea Agreement ¶ 33 (E.D. Wis. filed Dec. 9, 2002). Further, they acknowledged that the court would not be obligated to grant a motion for downward departure but would make its own decision. *Id.*

In addition, Novin presents no explanation for her own failure to pass her information on to the prosecutor or other government agent following her sentencing. After sentencing, the government had one year within which it could have made a motion for downward departure for substantial assistance. Fed. R. Crim. P. 35(b)(1). Novin cannot

9

place all of the blame on her attorney's errors, when she could have taken action following sentencing in an attempt to secure a sentence reduction.

Because any motion for downward departure would have required both the prosecutor and the court to exercise discretion in her favor, and because she could have passed on the information to the government after sentencing, Novin is unable to establish a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.

Moreover, Novin provides no factual basis for finding her counsel deficient. She presents no details regarding who the alleged violator was or what information she could have offered to assist the government. Hence this court is unable to assess whether counsel's decision not to forward information to the government fell outside the wide range of professionally competent assistance.

For these reasons, this second claim of ineffective assistance of counsel must be denied.

3.   *Blakely* Issue

Novin contends that under *Blakely v. Washington*, 542 U.S. 296 (2004), her sentence was imposed in violation of the Sixth Amendment because the court and not a jury determined that her offense level should be increased by fourteen steps. But that case does not help her. In *Blakely,* the Supreme Court addressed a sentencing scheme in the state of Washington and advised that it was not expressing an opinion regarding the federal sentencing guidelines. 542 U.S. at 305 n.9. Because this court utilized the federal sentencing guidelines in sentencing Novin rather than sentencing provisions from the state of Washington in *Blakely* is immaterial. Moreover, *Blakely* did not address the federal

sentencing guidelines at all. *Id.*; *see McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (acknowledging that "*Blakely* reserved decision about the status of the federal Sentencing Guidelines").[2]

A similar challenge to the federal sentencing guidelines occurred in *United States v. Booker*, 543 U.S. 220 (2005), but even that case does not assist Novin. The Supreme Court found in *Booker* that mandatory application of the sentencing guidelines in the federal system violated the Sixth Amendment and, therefore, the sentencing guidelines could no longer be mandatory. *Id.* at 259-64. In *Booker*, the Supreme Court made its decision applicable to cases on direct appeal, *id.* at 268, but it did not address retroactivity, *see id.*; *McReynolds*, 397 F.3d at 480. However, the Seventh Circuit has since found that "*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005." *McReynolds*, 397 F.3d at 481. In other words, the benefits of *Booker* are not available to a movant who seeks to collaterally attack a criminal judgment that became final before January 12, 2005. *Id.* *McReynolds* is binding precedent that says the new rule of *Booker* does not apply on collateral review.

Novin's criminal conviction became final before *Booker* issued on January 12, 2005. According to the docket and transcripts in Novin's criminal case, sentencing occurred May 9, 2003; this court signed the judgment of conviction on May 15, 2003; and the judgment

---

[2]Moreover, *Blakely* is not retroactively applicable to Novin's case on collateral attack. In *Schriro v. Summerlin*, 542 U.S. 348 (2004), the Supreme Court held that the holding of *Ring v. Arizona*, 536 U.S. 584 (2002), was not retroactively applicable to cases on collateral review. *Ring* held that where state law authorized the death penalty only if an aggravating factor was present, that factor had to be found by a jury rather than judge. *Schriro*, 542 U.S. at 350-51 (summarizing *Ring* holding). The Court found that *Ring*'s holding – that a jury rather than judge find certain facts – was procedural rather than substantive, that it was a new rule, and that it did not constitute a "watershed" rule implicating the fundamental fairness and accuracy of the criminal proceeding. *Id.* at 353-56. Thus, it did not qualify for retroactive application. If *Ring*, dealing with a judge's factfinding for death penalty purposes, is not retroactive, *Blakely*, dealing with a judge's factfinding on lesser sentences, is not retroactive, either.

11

was docketed on May 19, 2003. Novin had ten days, excluding holidays and weekends, from the entry of judgment to file her notice of appeal, but failed to do so. Fed. R. App. P. 4(b)(1)(A), 26(a)(2). Moreover, in her § 2255 motion, Novin admits that she did not appeal the judgment. Consequently, her conviction and sentence became final no later than early June 2003. Thus, in accordance with *McReynolds*, Novin cannot use *Booker* to collaterally attack her sentence.

4. *Apprendi* Issue

Except regarding the ineffective assistance of counsel issue as noted above, the failure to raise an issue on direct appeal bars a defendant from raising it later in a § 2255 motion. *Massaro*, 538 U.S. at 504; *Galbraith*, 313 F.3d at 1006. A procedurally defaulted claim can be raised for the first time in a § 2255 motion only if the defendant can demonstrate cause for the default and actual prejudice resulting from the default, or that if a fundamental miscarriage of justice would result otherwise. *Massaro*, 538 U.S. at 504; *Galbraith*, 313 F.3d at 1006.

*Apprendi v. New Jersey*, 530 U.S. 466 (2000), was decided prior to Novin's sentence, but she did not raise any *Apprendi* issue in the trial court or on appeal. Therefore, she procedurally defaulted any argument based on *Apprendi* and must demonstrate both cause and prejudice to be entitled to habeas relief.

Novin cannot establish prejudice. At the time of her sentence, neither *Blakely* nor *Booker* had issued. Although *Blakely* did not address the federal sentencing guidelines, the case certainly caused an upheaval in thinking regarding the federal sentencing guidelines. Then *Booker* caused a dramatic change in the way the sentencing guidelines were used – they are no longer mandatory. Novin argues that under *Apprendi* this court should have had

a jury make the findings on certain sentencing factors. But under the law applicable at the time Novin was sentenced (pre-*Blakely*), this court would not have required that a jury make such findings. Further, even after *Booker,* jury findings are not required. The court makes the same findings now as it did prior to *Booker*; however, the guidelines are advisory. This means that Novin cannot establish prejudice due to counsel's failure to raise an *Apprendi* issue at the time of sentencing, i.e., in the pre-*Blakely* world. Furthermore, it then becomes unnecessary for the court to examine whether deficient representation caused Novin prejudice.

Lastly, Novin cannot establish a fundamental miscarriage of justice in her case. A fundamental miscarriage of justice is rare; the exception applies only in extraordinary cases. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995). It occurs only where the petitioner is actually innocent of the crime for which she is imprisoned. *See id.* at 321-22; , *Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003). Novin has admitted her guilt, and has confirmed her guilt in this § 2255 case as quoted above. (*See* Reply to Gov't's Response to Pet.'r's § 2255 Mot. at 2.) Further, as indicated in *Schriro v. Summerlin*, 542 U.S. 348 (2004), discussed in footnote 1 above, that a judge rather than a jury determined sentencing facts does not impugn the fairness and accuracy of the criminal proceeding, *id.* at 355-57, such that a fundamental miscarriage of justice could be found on that basis.

In sum, Novin cannot avoid her procedural default and this claim must be denied.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED that Novin's § 2255 motion is denied and this case is dismissed.

Dated at Milwaukee, Wisconsin, this 13th day of March, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge